# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| INDEPENDENT SERVICE PROVIDER LLC; INTERSTATE SERVICE PROVIDER INC.; AND C PEPPER LOGISTICS LLC, | ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) ) | Case No. |
| AGUIRRE, MIGUEL; ALBERT, MICHAEL; ARMSTRONG, VERNON; BANDA, HUMBERTO; BRANCH, TIMOTHY; CARRERA, RICARDO; CBL TRUCKING, LLC; CLARK, EDWARD; COFFMAN, TAMMY; COFFMAN, TONY; CP DELIVERY, LLC; CULLICK, THOMAS; CYTRYCH, EUGENE; DAMIAN-CABELLOS, EDGAR; DECKER, JAMES; DOUGHERTY, KEVIN; DRISH, JAMES; DROWNS, JEREMY; FARMER, JR., HAYES; FLYNN, SHAWN; GONZALEZ, JUAN; HUYNH, TUAN; JOHNSON, STANLEY; JUSTUFI, FATON; KOHN, JASON; LEON, JAVIER; LOWRY, JOE; MACOTELLO, JUAN; MCMILLAN, CHRIS; MESICK, DAVID; MOORE, ANDRE; MOORE, JAMES; MURPHY, ROBERT; REDELL, JASON; REULAND, CLARE; REYES, CRISTIAN; ROMAN, CHASE; ROSAS, JOSE; ROSS, MICHAEL; ROTONDO, MITCHELL; SIMS, TIMOTHY; SLAUGHTER, MARCUS; STUCKY, NAPOLEAN; SWINFORD, PAUL; TAYLOR, DAVID; THOMAS, LARRY; SMITH, ADRIAN; WARREN, MARCELLUS; WELLS II, VAN; ZARAGOZA, ANTONIO | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| _____Defendants._____ | ) | |

## NOTICE OF REMOVAL

Defendants, AGUIRRE, MIGUEL; ALBERT, MICHAEL; ARMSTRONG, VERNON; BANDA, HUMBERTO; BRANCH, TIMOTHY; CARRERA, RICARDO; CBL TRUCKING, LLC; CLARK, EDWARD; COFFMAN, TAMMY; COFFMAN, TONY; CP DELIVERY, LLC; CULLICK, THOMAS; CYTRYCH, EUGENE; DAMIAN-CEBALLOS, EDGAR; DECKER, JAMES; DOUGHERTY, KEVIN; DRISH, JAMES; DROWNS, JEREMY; FARMER, JR., HAYES; FLYNN, SHAWN; GONZALEZ, JUAN; HUYNH, TUAN; JOHNSON, STANLEY; JUSTUFI, FATON; KOHN, JASON; LEON, JAVIER; LOWRY, JOE; MACOTELLO, JUAN; MCMILLAN, CHRIS; MESICK, DAVID; MOORE, ANDRE; MOORE, JAMES; MURPHY, ROBERT; REDELL, JASON; REULAND, CLARE; REYES, CRISTIAN; ROMAN, CHASE; ROSAS, JOSE; ROSS, MICHAEL; ROTONDO, MITCHELL; SIMS, TIMOTHY; SLAUGHTER, MARCUS; STUCKY, NAPOLEAN; SWINFORD, PAUL; TAYLOR, DAVID; THOMAS, LARRY; SMITH, ADRIAN; WARREN, MARCELLUS; WELLS II, VAN; ZARAGOZA, ANTONIO, (Collectively, "Defendants"), by their undersigned attorneys, hereby notify this Court of the removal of the above-styled cause from the Circuit Court of Cook County, State of Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, and state as follows:

1.    On or about October 5, 2021, Independent Service Provider LLC; Interstate Service Provider, Inc.; and C Pepper Logistics LLC  ("Plaintiffs") filed their Complaint in the Circuit Court of Cook County, Illinois bearing Case No. 2021 L 009787 (the "State Court Action") naming 51 individuals and entities as Defendants. Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of all process, pleadings, motions and orders on file with the State Court Action is attached as **Exhibit A**. A copy of the Notice contemporaneously filed in the Circuit Court of Cook County, Illinois, is attached hereto as **Exhibit B**.

2.      As of the time of this filing, on information and belief, Plaintiffs have not served all Defendants. However, Defendants have filed their notice of removal within 30 days of the filing of the original complaint. As such, this Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

3.      This action is removable pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending.

4.      Removal to this Court is proper under 28 U.S.C. § 1446(b) because the United States District Court, Northern District of Illinois, Eastern Division, is the district and division within which the Circuit Court of Cook County, Illinois, is located.

5.      Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1441(a).

6.      Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the filing of this Notice of Removal to Plaintiffs and have filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. *See* **Exhibit B**.

### GROUNDS FOR REMOVAL

7.      Plaintiffs' cause of action implicates this Court's original jurisdiction under 28 U.S.C. § 1331, and this action is therefore properly removable under 28 U.S.C. § 1441(a).

8.      The Complaint asserts a claim for injunctive relief arising from the alleged breach of Defendants' Independent Contractor Agreement with Plaintiffs, which regulates their services as motor carriers who transport goods through both interstate and intrastate commerce.

9.      Removal is proper here because the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) ("FAAAA"), preempts Plaintiffs' equitable claim for injunctive relief.

10.     Under the FAAAA preemption clause, "a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or service of any motor carrier ... with respect to the transportation of property." 49 U.S.C. §14501(c)(1) (emphasis added).

11.     Defendants are "motor carrier[s]" as defined by 49 U.S.C. §13102(14) of the FAAAA: "The term "motor carrier" means a person providing motor vehicle transportation for compensation." *See* Compl. at ¶ 59-62.

12.     Congress borrowed the language in the FAAAA preemption clause from the preemptive provision of the Airline Deregulation Act ("ADA"), and courts interpreting the preemptive scope of the FAAAA have relied upon authority addressing the preemptive scope of the ADA. *See e.g., Rowe v. N.H. Motor Transport Ass 'n,* 552 U.S. 364, 368 (2008).

13.     The "related to" language of both the ADA and FAAAA has been interpreted broadly, and the Supreme Court has concluded that these words have an expansive sweep. *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384 (1992) (stating that the ADA preemption clause is not limited to state action actually prescribing rates, routes or services, but that it applies to any action "having a connection with or reference to ... rates, routes, or services").

14.     Courts, including those in this Circuit, have held that the preemption provision of the FAAAA has a broad preemptive scope and that state enforcement actions having a connection with or reference to a "price, route, or service of any motor carrier" are preempted by the FAAAA. *See Johnson v. Logistics*, 2018 WL 1519157, at *3 (N.D. Ill. Mar. 28, 2018) ("Thus, the FAAAA's

preemptive scope is broad—it preempts a state law that 'has a direct connection with or specifically references a carrier's prices, routes, or services,' or has a 'significant impact related to Congress's deregulatory and pre-emption-related objective.'"); *Georgia Nut Co. v. C.H. Robinson Co*., 2017 WL 4864857, at *3 (N.D. Ill. Oct. 26, 2017) ("Preemption under the FAAAA is broad, and includes 'laws and actions having some type of connection with or reference to a carrier's rates, routes, or services, whether direct or indirect.'"); *Ying Ye v. Glob. Sunrise, Inc.*, 2020 WL 1042047, at *2 (N.D. Ill. Mar. 4, 2020) (holding that the FAAAA's preemptive scope is broad and includes "laws and actions having some type of connection with or reference to a [broker's] rates, routes, or services, whether direct or indirect.").

15. Here, the claims advanced against Defendants are a blatant attempt at regulating the "services" offered by Defendants, i.e. their ability to transport goods through interstate and intrastate commerce. Plaintiffs' claim also seeks to regulate Defendants' "routes" as Plaintiffs seek to enjoin Defendants from driving. *See* Complaint at pp. 19-20 in the "WHEREFORE" clause (asking the court to enjoin the driver from driving).

16. Under the doctrine of complete preemption, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. §1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2013).

17. Courts routinely hold that claims for equitable relief - including injunctive relief attached to breach of contract claims - are preempted by the FAAA because such claims would constitute an enlargement or enhancement of the parties' bargain based upon state policy and thus are prohibited under the Supreme Court's precedent in *American Airlines, Inc. v. Wolens,* 513 U.S.

219, 222-223 (1995) (holding that in breach of contract actions, the parties should be held to their bargain, with no enlargement or enhancement based upon state policy). *See e.g. Midwest Trading Group, Inc. v. GlobalTranz Enters.*, 59 F. Supp. 3d 887 (N.D. Ill. 2014); *Polinovsky v. Deutsche Lufthansa, AG*, 2012 WL 1080415 (N.D. Ill. March 30, 2012).

18.     Under the express language of the FAAAA, the Supreme Court's interpretation of that language in *Morales* and *Wolens,* and the legion of cases finding injunctive relief claims preempted, the extraordinary remedy pursued by Plaintiffs here is preempted by FAAAA, a federal statute.

19.     Indeed, Plaintiffs seek an order enjoining the driver from competing with them despite the absence of any such contract provision — indisputably an enlargement of their bargain and thus preempted by the FAAAA. *Cf.* Compl. at pp. 19-20, the WHEREFORE clause, *with* Compl. ¶66 (containing no non-compete).

20.     This matter is removable pursuant to 28 U.S.C. §1441 in that it is a civil action over which the United States District Court, Northern District of Illinois, Eastern Division, has original subject matter jurisdiction under 28 U.S.C. §1331.

## CONCLUSION

21.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' cause of action arises under the laws of the United States.

WHEREFORE, Defendants respectfully request that the above-entitled action now pending in the Circuit Court of Cook County, State of Illinois, be removed therefrom to this Court.

Respectfully submitted,

*/s/ Jennifer Kay*
One of the Attorneys for Defendants

Jennifer H. Kay, ARDC No. 6226867
Ebony C. Smith, ARDC No. 6317091
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 558-1220
Facsimile: (312) 807-3619
*jennifer.kay@ogletree.com*
*ebony.smith@ogletree.com*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a copy of the foregoing was served by first class mail, postage prepaid, to Plaintiffs' counsel of record:

Jill R. Rembusch
John Hein
Grant J. Mabie
HEIN SCHNEIDER & BOND P.C.
2244 S. Brentwood Blvd.
St. Louis, Missouri 63144
jrr@hsbattorneys.com
jjh@hsbattorneys.com
gjm@hsbattorneys.com

***Attorneys for Plaintiffs***

*/s/ Jennifer Kay*
One of the Attorneys for Defendants

49180038.1